```
            United States District Court
                District of Minnesota
            Criminal No. 19-215(2)(DSD/ECW)
```

United States of America,

        Plaintiff,

v.                                                **ORDER**

Steven Vue,

        Defendant.

This matter is before the court upon the objection by defendant Steven Vue to the April 27, 2020, report and recommendation of Magistrate Judge Elizabeth Cowan Wright (R&R). The magistrate judge recommends that the court (1) deny Vue's motion to suppress evidence obtained as a result of search and seizure, and (2) deny Vue's motion to suppress statements, admissions, and answers. Vue objects only to the first recommendation.

**BACKGROUND**

The facts of this matter are fully set forth in the R&R and will not be repeated here except as necessary to resolve the current objection. After St. Paul police officer Shawn A. Longen executed a controlled delivery of a package containing methamphetamine to a St. Paul residence, officers observed Vue and his co-defendant leave the residence with the package and drive

away in a red Ford Fusion. Officer Longen followed the Ford Fusion and observed Vue's co-defendant opening the package. At the same time, Officer Longen received an alert from a light-sensing diode that had been placed inside the package. Officers attempted to stop the Ford Fusion and, after a short chase, came upon the vehicle stopped at a dead-end and Vue and his co-defendant nearby fleeing on foot. Officers searched the unlocked vehicle and found the controlled-delivery package containing methamphetamine as well as a smaller amount of methamphetamine in the driver's side door cupholder.

Vue moved to suppress this evidence on the ground that it was obtained during an illegal search of the vehicle. Vue argued that officers were required to obtain a search warrant prior to searching the vehicle, and that no exceptions to the warrant requirement existed. The Magistrate Judge held a hearing on Vue's motions on January 24, 2020. Both Vue and the government filed post-hearing memoranda in support of their positions on Vue's motions to suppress.

## DISCUSSION

The court reviews the R&R de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b). After a thorough review of the file and record, the court finds that the R&R is well-reasoned and correct. In his objection, Vue raises the same argument he made in his post-

hearing briefing: that the automobile exception to the warrant requirement of the Fourth Amendment does not apply here because there was no longer any exigency or reason the officers could not have first obtained a warrant before searching the Ford Fusion.

As explained in the R&R, however, officers may "conduct a warrantless search of a vehicle if, at the time of the search, they have probable cause to believe that the vehicle contains contraband or other evidence of a crime." United States v. Brown, 550 F.3d 724, 727 (8th Cir. 2008) (internal quotation marks omitted); see also United States v. Edwards, 891 F.3d 708, 712 (8th Cir. 2018), cert. denied, 139 S. Ct. 349 (2018) ("Under the automobile exception to the warrant requirement, officers may conduct a warrantless search of a vehicle if they have probable cause to believe that the car contains contraband or other evidence."). Moreover, "[n]o exigency beyond that created by the ready mobility of an automobile is required for a warrantless search of a car to fall within the exception." United States v. Blaylock, 535 F.3d 922, 926 (8th Cir. 2008) (citation omitted). The court finds no error in the R&R's conclusion that there was probable cause to believe the Ford Fusion contained contraband, and thus the automobile exception to this warrantless search applies.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that:

1. The objection to the R&R [ECF No. 60] is overruled;

2. The R&R [ECF No. 59] is adopted in its entirety;

3. The motion to suppress evidence obtained as a result of search and seizure [ECF No. 41] is denied; and

4. The motion to suppress statements, admissions, and answers [ECF No. 42] is denied.


Dated: July 1, 2020

                                                 s/David S. Doty
                                                 David S. Doty, Judge
                                                 United States District Court