United States District Court
District of Minnesota
Criminal No. 19-215(2)(DSD/ECW)

United States of America,

        Plaintiff,

v.                                         **ORDER**

Steven Vue,

        Defendant.

    This matter is before the court upon pro se defendant Steven Vue's second request for credit for time served. The court will construe the motion as a petition under 28 U.S.C. § 2241. Based on a review of the file, record, and proceedings herein, and for the following reasons, the motion is denied.

    The decision to give a defendant credit for time served under 18 U.S.C. § 3585(b) is properly left to the Bureau of Prisons (BOP), not the district court. <u>United States v. Pardue</u>, 363 F.3d 695, 699 (8th Cir. 2004). If a defendant wishes to challenge the calculation of his sentence, he must first exhaust the administrative remedies available to him at the BOP. If he disagrees with the BOP's determination, he may then seek relief by filing a petition for a writ of habeas corpus under 21 U.S.C. § 2241. <u>Id.</u>; see also <u>Rogers v. United States</u>, 180 F.3d 349, 358 (1st Cir. 1999) ("Once administrative remedies are exhausted, prisoners may then seek judicial review of any jail-time credit

determination by filing a habeas petition under 28 U.S.C. § 2241.").

Here, it appears that Vue has exhausted his administrative remedies given that he has filed a § 2241 in the District of Arizona, his place of confinement, without objection from the government. See Vue v. Heisner, Case 2:22-cv-01365, filed Aug. 15, 2022. The warden of Vue's facility opposed his petition and the parties now await the court's determination. Given the ongoing action in Arizona on the very issue Vue raises here, the court is precluded from deciding the issue.[1] Moreover, this is not the correct venue for Vue's request for relief. Vue properly filed his petition in the district of his confinement – the District of Arizona. See 28 U.S.C. § 2241(a) ("Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. The order of a circuit judge shall be entered in the records of the district court of the district wherein the restraint complained of is had."); see also Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004) ("[T]he traditional rule has always been that [habeas relief under § 2241] is issuable only in the district

---

[1] Even if Vue had filed his petition here first, the court would have transferred the case to the District of Arizona because he is confined there. See 28 U.S.C. § 2241(b); O'Laughlin v. Kallis, No. 21-cv-851, 2021 WL 2269967, at *2 (D. Minn. Apr. 30, 2021).

of confinement.") (citation and quotation marks omitted).  As such, Vue must await the decision of that court.

Accordingly, **IT IS HEREBY ORDERED** that Vue's request for credit for time served [ECF No. 119] is denied.

Dated: January 19, 2023

<u>s/David S. Doty</u>
David S. Doty, Judge
United States District Court
